## JOSEPH WHELESS et al., Appellants, v. CITY OF ST. LOUIS et al., Respondents.

**St. Louis Court of Appeals, October 21, 1901.**

1. **Equity: FORFEITURE: CONTRACT.** Courts of equity are slow to enforce forfeitures, and will prefer such a construction of a contract or undertaking as will preserve rather than destroy a party's rights.

2. ———: ———. And in the case at bar, the circumstances will not induce this court to waver from this well-known principle of equity.

Appeal from St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*Joseph Wheless* for appellant.

"Time is, therefore, of the very essence of the ordinance and contract made in conformity to it. The rule is, that when a statute provides for doing work by contract, and a time is fixed for a completion of the work, it is of the essence of the contract that the work be completed within such time. A failure to complete the work within the required time renders all further or subsequent proceedings invalid. The contractor bound himself to complete the work within thirty days from the taking effect of his contract. The rule is, that where a party by his own contract creates a duty or charge upon himself, he is bound to make it good, if he may, notwithstanding any accident or inevitable necessity, because he might have provided against it by his contract." Rose v. Trestrail, 62 Mo. App. 352; Trust Co. v. James, 77 Mo. App. 616; Trust Co. v. York, 81 Mo. App. 342; McQuiddy v. Brannock, 70 Mo. App. 535; Neill v. Gates, 152 Mo. 585.

*Kehr & Tittmann* for respondent.

(1) Upon the facts in evidence, plaintiffs were not entitled to equitable relief. Planet Co. v. Railroad, 115 Mo. 619; Johnson v. Duer, 115 Mo. 378; Owen v. Ford, 49 Mo. 436, and the objection may be made at any stage of the case. Humphrey v. Milling Co., 98 Mo. 542. (2) The city has power to levy and assess the cost of public improvements in manner as its charter directs, and the special taxbills in question are valid. Paving Co. v. French, 158 Mo. 534; French v. Paving Co., 181 U. S. 324; Shumate v. Heman, 181 U. S. 402. (3) The contractor had until October 14 to complete the work. That is the language and meaning of the contract. In point of fact, he completed it on October 12, on which day the work was accepted by the city. (4) Such, also, is the construction given the con-

tract by the parties, and their construction of it will be adopted by the courts. Union D. Co. v. Railway, 131 Mo. 305; Patterson v. Camden, 25 Mo. 22; Gas L. Co. v. St. Louis, 46 Mo. 129; Jones v. DeLassus, 84 Mo. 545; Scott v. Scott, 95 Mo. 318. (5) A substantial compliance with the contract is all that the law requires. Cole v. Skrainka, 105 Mo. 303; Steffen v. Fox, 124 Mo. 630.

GOODE, J.—This is a bill in equity to cancel and enjoin the collection of certain taxbills issued by the city of St. Louis to the Gilsonite Roofing and Paving Company for improving Whittier street. Originally there were several plaintiffs, owners of the property abutting on the improvement, but all of them have withdrawn from the contest except Joseph Wheless. The contract between the city and the Gilsonite Roofing and Paving Company contained the following clause:

"The work embraced in this contract shall begin within one week after written notice so to do shall have been given to the contractor by the street commissioner, and carried on regularly and uninterruptedly thereafter (unless the said commissioner shall otherwise in writing specially direct), with such a force as to insure its full completion within two months thereafter; the time of beginning, rate of progress, and time of completion being essential conditions of this contract. And if the contractor shall fail to complete the work by the time above specified, the sum of five dollars per day for the first ten days, and the sum of ten dollars per day for each and every day thereafter until such completion, shall be deducted from the moneys payable under this contract."

On the seventh day of August, 1899, the street commissioner of St. Louis gave the contractor the following notice:

"You are hereby notified to commence work on Whit-

tier street, between Washington avenue and Finney avenue, within one week from the receipt of this notice. You are required to complete the whole work on or before October 14, 1899."

Work was begun on the tenth day of August, finished on the twelfth day of October, and fully accepted by the city as being in compliance with the contract and taxbills issued to pay for it.

The only point made against the validity of the taxbills is that by virtue of the contract the performance of the work extended two days over time; that inasmuch as it was begun on August 10 it should have been completed by October 10. Respondent insists on the other hand, that it had until October 14, or two months from the time fixed for it to begin work by the notice from the street commissioner, in which to complete it. The question involves the construction of the aforesaid clause of the contract and the determination of whether or not there was a substantial compliance with its provisions. It will be observed that the date when the improvement was to be begun, and also the continuity with which it was to be pursued, were left to the discretion of the street commissioner, and the contractor had to be governed by his directions. It is conceded by appellant that, according to the contract and notice, the paving company might have deferred the commencement of the work until August 14 and if it had done so and finished by October 14, its whole duty would have been done. But his contention is that inasmuch as it chose to begin on August 10 it was bound to finish on October 10. This construction is strained. Both the city and the contractor treated the contract as meaning that two months from the date fixed by the notice of the street commissioner for the beginning of the work, was the limit within which it must be completed. The language fairly bears such

an interpretation, and as the parties acted on that theory, it ought to be adopted. Courts of equity are slow to enforce forfeitures and will prefer such a construction of an undertaking as will preserve rather than destroy a party's rights under it. The special circumstances of this case certainly would not induce us to waver from that well-known principle. The plaintiff himself stated on the argument that it was wholly immaterial to him and in no way prejudiced his interest that the work ran over time as he contended, but that he stood merely on the naked technicality that the contract required it to be done two days sooner than it was. His technical right is not obvious and such a declaration, while commendable for candor, does not encourage us to adopt a forced construction of the agreement in order to raise it.

Even granting the appellants' view of the meaning of the contract is sound, there is grave doubt if it was not substantially complied with; but we do not find it necessary to go into that question.

The judgment is affirmed. All concur.